IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

PAUL McCULLOUGH,

      Plaintiff,

v.                                                        CIVIL ACTION NO. 2:05cv398

MICHAEL J. ASTRUE,[1]
COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

### *MEMORANDUM OPINION & ORDER*

This case is before the Court on cross-motions for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. Paul McCullough ("Plaintiff") objects to the Magistrate Judge's recommendation to affirm the final decision of the Commissioner ("Defendant") that Plaintiff is not disabled within the meaning of the Social Security Act. For the reasons set forth below, the Court adopts the Magistrate Judge's recommendation. Plaintiff's motion for summary judgment is **DENIED**. Defendant's motion for summary judgment is **GRANTED**.

---

[1] Michael J. Astrue was sworn in as Commissioner of Social Security on February 12, 2007. Pursuant to Federal Rule of Civil Procedure 25(d)(1), Michael J. Astrue is substituted as the defendant in this suit.

## I. FACTUAL & PROCEDURAL HISTORY

The Court adopts the facts and administrative procedural background as set forth in the Magistrate Judge's Report and Recommendation. Briefly, on September 25, 2001, Plaintiff applied for social security disability benefits. Plaintiff alleges that he became disabled as of September 14, 2001 because of a visual impairment. On November 19, 2002, Plaintiff's claim was denied by an administrative law judge ("ALJ"). Plaintiff requested a review of the ALJ's decision by the Appeals Council of the Office of Hearings and Administration ("Appeals Council"), and Plaintiff received a second hearing before a different ALJ. Plaintiff's claim was denied on October 26, 2004. On May 2, 2005, the Appeals Council denied Plaintiff's request for review. The procedural history in this Court follows.

On July 1, 2005, Plaintiff filed a complaint under 42 U.S.C. § 405(g) (2000) seeking judicial review of the decision of the Social Security Administration to deny him social security disability benefits. Defendant answered on September 23, 2005. On October 12, 2005, this Court referred the case to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) (2000). On January 18, 2007, after Plaintiff and Defendant both filed timely motions for summary judgment, the Magistrate Judge issued a Report and Recommendation that recommend that Defendant's decision to deny Plaintiff benefits be affirmed. On January 31, 2007, Plaintiff filed an objection to the Magistrate Judge's Report and Recommendation. Defendant filed a response to Plaintiff's objection on February 5, 2007. This matter is now ripe for judicial determination.

## II. STANDARD OF REVIEW & LEGAL STANDARD

When either party objects to the Magistrate Judge's Report and Recommendation, the Court must review the relevant findings by the Magistrate Judge *de novo*. 28 U.S.C. § 636(b)(1) (2000). The Court must examine Defendant's decision and determine whether substantial evidence exists in the administrative record to support the decision. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. of New York v. NLRB*, 305 U.S. 197, 229 (1938). This standard requires more than a mere scintilla of evidence, but need not meet the threshold of preponderance of the evidence. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Furthermore, "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987), *quoted in Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

Rule 56(c) provides for summary judgment if the Court, viewing the record as a whole, determines "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding a motion for summary judgment, the Court must view the facts and inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). To defeat summary judgment, the nonmoving party must go beyond the pleadings with affidavits, depositions, interrogatories, or other evidence to show that there is in fact a genuine issue for

trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The Court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. In considering cross motions for summary judgment, the court must apply the same standard of review to each motion and "determine whether summary judgment is appropriate as to each." *Monumental Paving & Excavating, Inc. v. Pennsylvania Mfrs.' Ass'n Ins. Co.*, 176 F.3d 794, 797 (4th Cir. 1999).

### III. DISCUSSION

In his motion for summary judgment, Plaintiff raises three arguments as reasons Defendant's decision to deny Plaintiff benefits should be reversed or remanded. Plaintiff first argues that the ALJ improperly rejected the opinion of Plaintiff's treating physician. Plaintiff next contends that the ALJ improperly concluded that Plaintiff is capable of performing jobs outside of his limitations. Finally, Plaintiff argues that the ALJ improperly assessed Plaintiff's testimony. The Magistrate Judge rejected all three of Plaintiff's arguments.

**A. The ALJ's Analysis of Plaintiff's Treating Physician's Opinion**

Plaintiff argues that the ALJ did not appropriately assess the weight to be given to Plaintiff's treating physician, Dr. Alan Wagner. Dr. Wagner initially examined Plaintiff on December 1, 1999. (R. 198-99). On December 2, 1999, Dr. Wagner performed surgery on Plaintiff's right eye to repair a detached retina. (R. 159, 197). Subsequent to the procedure, Plaintiff's right eye was diagnosed as permanently blind at 20/400. (*Id.*). Plaintiff had multiple follow-up visits to Dr. Wagner after the surgery. (R. 160, 194-96). In addition, the record

contains Dr. Wagner's office notes for seven visits between January 19, 2000 and February 1, 2002 (R. 176-82), and one visit on September 30, 2003. (R. 189). There is also a functional capacities evaluation form completed by Dr. Wagner (R. 183-84), as well as a physical capacities evaluation also completed by Dr. Wagner. (R. 191-93).

As far as his opinion, Dr. Wagner believed that Plaintiff could not read, operate machinery (including computers), or drive. (R. 184). Dr. Wagner stated that Plaintiff could not see small objects involved in most sedentary unskilled work, and that Plaintiff lacked the ability to avoid ordinary hazards in the workplace. (R. 183). Dr. Wagner also stated that Plaintiff's left eye was capable of 20/60 vision (R. 189). Finally, Dr. Wagner indicated that Plaintiff had no exertional limitations. (R. 191).

Treating sources are accorded a special place in social security disability determinations. Treating sources "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence" that may not be found in objective medical reports or individual or consultative examinations. 20 C.F.R. § 404.1527(d)(2) (2006). A treating source's opinion "reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." *Smith v. Schweiker*, 795 F.2d 343, 345-46 (4th Cir. 1986).

Regulations promulgated by Defendant state that, "Generally, we give more weight to opinions from your treating sources." 20 C.F.R. § 404.1527(d)(2). The regulations make clear what is known as the "treating physician rule," which states that if the treating physician's opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it

5

controlling weight." *Id.*; *see also Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). If the treating physician's opinion "is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig*, 76 F.3d at 590. "Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro*, 270 F.3d at 178.

When a treating source's opinion does not receive controlling weight, the regulations state the factors to be applied in determining the weight to give the opinion. 20 C.F.R. § 404.1527(d)(2). These factors include the length of treatment, the frequency of examination, the nature and extent of the treatment relationship, the supportability of the opinion, the consistency of the opinion with the record, the specialization of the physician, and other factors that may support or contradict the opinion. *Id.* Defendant's regulations also state that, "We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." *Id.*

The Magistrate Judge correctly concludes that the ALJ appropriately addressed Dr. Wagner's opinion. The ALJ specifically mentioned Dr. Wagner's opinion concerning limitations on reading, driving, and operating machinery and noted that these limitations were "mostly, if not totally, accommodated by the residual functional capacity in this decision." (R. 20). Indeed, the ALJ found that Plaintiff's residual functional capacity included limitations of (1) not performing "fine visual activities with monocular vision," (2) no hazardous situations, (3) no rope or scaffold climbing, and (4) no driving. (R. 21). Therefore, to a substantial extent, the ALJ did not reject Dr. Wagner's opinion and in fact incorporated it into his residual functional capacity finding.

To the extent that Dr. Wagner indicated that Plaintiff was totally disabled, the ALJ found this inconsistent with Dr. Wagner's own diagnosis of 20/60 vision in Plaintiff's left eye. (R. 21, 189). Consistency of an opinion with the record is a basis for disregarding a medical opinion. 20 C.F.R. § 404.1527(d)(2). In addition, the decision as to whether a claimant is disabled within the meaning of the Social Security Act is expressly reserved to Defendant. *See* 20 C.F.R. § 404.1527(e)(1) (2006) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled.").

As additional support, the ALJ noted the opinion of Dr. Richard Carlson, who examined Plaintiff on referral from the ALJ. (R. 21, 185). Dr. Carlson confirmed Dr. Wagner's diagnosis of 20/60 vision in Plaintiff's left eye, and stated that this is inconsistent with Plaintiff's claims that he could not read or watch television. (R. 186). Dr. Carlson stated that any image confusion should be reduced by closing the right eye. (*Id.*). Plaintiff argues that it was improper for the ALJ to rely on Dr. Carlson's opinion when Dr. Wagner was the treating source. Although treating sources generally should receive more weight, as stated above this is not always the case. *See Craig*, 76 F.3d at 590. Dr. Carlson's observations are relevant to the ALJ's determination to give less weight to Dr. Wagner's opinion on Plaintiff's disability.

In conclusion, the ALJ accepted part of Dr. Wagner's opinion while rejecting the rest based on the appropriate factors of supportability and consistency with the record. *See* 20 C.F.R. § 404.1527(d)(2). Plaintiff seems to argue that the ALJ erred by not explicitly addressing all of the factors that are to be applied in determining the weight to give a medical opinion. However, an ALJ is not required to articulate a finding on each factor. *See Brown v. Barnhart*, 298 F. Supp. 2d 773, 792 (E.D. Wis. 2004) ("ALJs are not required to produce prolix opinions

containing checklists from all of the regulations."). The ALJ is required to have "analyzed all evidence and [have] sufficiently explained the weight he has given to obviously probative exhibits." *Arnold v. Secretary*, 567 F.2d 258, 259 (4th Cir. 1977). In the instant case, the ALJ adequately explained his reason for rejecting part of Dr. Wagner's opinion, based on appropriate factors. The Court is satisfied that the ALJ applied the correct standard in weighing Dr. Wagner's opinion.

**B. The ALJ's Determination of Potential Employment for Plaintiff**

Plaintiff argues that the ALJ erred in determining that Plaintiff could perform the jobs of hand packer and information clerk. Plaintiff contends that the record did not establish the visual requirements for these jobs. Plaintiff also states that the ALJ erred in failing to determine whether Plaintiff could maintain a forty-hour work week.

The ALJ's hypothetical question to the vocational expert included limitations of (1) gross (not fine) visual activity, (2) one functioning eye with no peripheral vision, (3) no situations where the subject could be a hazard to himself or others, and (4) no driving. (R. 257). This hypothetical properly takes into account Plaintiff's residual functional capacity as found by the ALJ. The vocational expert stated that given these limitations, a person could perform the jobs of hand packer or information clerk. (R. 257-58). The ALJ and Plaintiff's attorney specifically questioned the vocational expert about the characteristics of the hand packer job. (R. 258-62). The vocational expert testified that the hand packer job only required "gross visual sight" and involved packing items primarily by feel. (R. 258-59). Furthermore, the vocational expert testified that the job of information clerk does not require using a computer or operating a switchboard, but instead taking incoming telephone calls. (R. 260-61). The record showed that

8

these jobs complied with the hypothetical question posed by the ALJ.

In addition, the ALJ found that Plaintiff had no exertional limitations. (R. 22). This is consistent with the opinion of Plaintiff's treating physician, (R. 191), and with Plaintiff's vision as the sole basis for disability benefits. (R. 140). The ALJ did not err in not finding a limitation based on the number of hours per week or the number of continuous hours Plaintiff could work.

### C.  The ALJ's Assessment of Plaintiff's Testimony

Plaintiff's final argument is that the ALJ improperly discredited Plaintiff's testimony concerning the limitations on his daily activities. The ALJ summarized at length Plaintiff's testimony in his decision. (R. 21). The ALJ concluded that Plaintiff's testimony was not completely credible given the evidence on the record that Plaintiff's left eye measured 20/60. (*Id.*). The ALJ's credibility determinations of a disability benefits claimant's testimony "are to be given great weight." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). Moreover, the ALJ did not totally discredit Plaintiff's testimony. The ALJ only disagreed with Plaintiff to the extent that total disability was alleged. (R. 21). The ALJ concluded that total disability was inconsistent with the objective medical evidence. *See* 20 C.F.R. § 404.1529(a) (2006) ("In determining whether you are disabled, we consider all your symptoms, . . . and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence."). In conclusion, the ALJ properly assessed Plaintiff's credibility.

## IV.  CONCLUSION

Having addressed the relevant objections to the Magistrate Judge's Report & Recommendation in this case, the Court does hereby **ADOPT** the findings and recommendations

set forth in the report.  Plaintiff's motion for summary judgment is **DENIED**.  Defendant's motion for summary judgment is **GRANTED**.

The Clerk is **DIRECTED** to send a copy of the Order to the parties.

**IT IS SO ORDERED**.

_____/s/_____
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 28, 2007